IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| C.S., an individual, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _3:24-cv-31_ |
| | ) | |
| v. | ) | |
| | ) | |
| SUBWAY WORLDWIDE, INC., DOCTOR'S | ) | |
| ASSOCIATES LLC, SUBWAY IP LLC, | ) | |
| FRANCHISE WORLD HEADQUARTERS, | ) | **MEMORANDUM IN SUPPORT OF** |
| LLC, GRB INVESTMENTS, LLC, GRB | ) | **PLAINTIFF'S MOTION FOR LEAVE** |
| SUBWAY PROPERTIES LLP and, | ) | **TO PROCEED UNDER A** |
| MIDWEST SUBWAY DEVELOPMENT, | ) | **PSEUDONYM** |
| LLP | ) | |
| (all Defendants collectively d/b/a "Subway") | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

Plaintiff C.S., by and through her attorneys, respectfully submits this Memorandum in Support of her Motion for Leave to Proceed Under a Pseudonym in this case, the Complaint in which details how Plaintiff was repeatedly raped by her supervisor, Zeferino Carlos Rangel, in 2022, when she was a 17-year-old employed at a local Subway restaurant. Plaintiff's Complaint also details the pain and suffering Plaintiff suffered because of the rapes. It is also undisputed (and the Court may take judicial notice of the fact) that Rangel has since pleaded guilty to sex crimes involving a minor, i.e. Plaintiff, and has since been sentenced to 25 years in prison as a result.

## APPLICABLE LAW

"Neither the Eighth Circuit nor the Supreme Court has provided guidance regarding when a court should allow a plaintiff to proceed under a pseudonym." *Doe v. Washington Univ.*, No. 4:22-CV-01007-SRC, 2023 WL 1771111, at *1 (E.D. Mo. Jan. 20, 2023). "However, other courts

considering the issue have looked to the Federal Rules of Civil Procedure as well as the common-law and First Amendment rights of access to courts." *Id.* Despite the existence of a presumption in favor of openness and against anonymity in court proceedings, courts have "permitted plaintiffs to proceed under a pseudonym in exceptional circumstances—such as when the case involves 'limited matters of a sensitive and highly personal nature." *Id.* at *2.

In deciding whether to exercise their discretion to allow a plaintiff to proceed under a pseudonym, courts generally apply a balancing test, weighing various factors to determine whether a plaintiff has a "substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness." *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)). These factors include whether the plaintiff:

- is "disclosing 'information of the utmost intimacy'";
- "risks criminal prosecution for the information alleged in the complaint";
- "would risk social stigma or physical threats"; and
- "is particularly vulnerable."

*Id.* (quoting *D.P. for Doe v. Montgomery County*, No. 19-CV-00038, 2019 WL 2437024, at *1 (E.D. Mo. June 11, 2019)).

Courts in this circuit "regularly permit survivors of sexual misconduct to proceed anonymously." *Victim One v. Cnty. of Jefferson*, 4:23-CV-00265-SPM, 2023 WL 4198233, at *2 (E.D. Mo. June 27, 2023) (quoting *R.P. v. Smith*, No. 4:22-CV-00874-SEP, 2022 WL 4130802, at *2 (E.D. Mo. Sept. 12, 2022)). Also relevant is "whether the party defending against a suit brought under a pseudonym would be prejudiced." *A.L. v. Mexico Sch. Dist. No. 59*, No. 2:22-CV-00023-SEP, 2022 WL 2340540, at *1 (E.D. Mo. June 29, 2022) (internal quotation marks omitted). Some

courts have also required moving parties to show a reasonable fear of severe harm. *Washington Univ.*, 2023 WL 1771111, at *3.

## ARGUMENT

There is no question that each of the above factors weigh heavily in favor of allowing Plaintiff, who was a minor at all times material to the complaint, and who is now (barely) a young adult, to proceed pseudonymously. As referenced above, Plaintiff's Complaint details instances of sexual assault and coercion, which courts in this jurisdiction have readily found to be "matters of a sensitive and highly personal nature" that involve "information of the utmost intimacy. *Cnty. of Jefferson*, 2023 WL 4198233, at *2. As stated above, courts in this circuit "regularly permit survivors [*of any age*] of sexual misconduct to proceed anonymously." *Victim One v. Cnty. of Jefferson*, 4:23-CV-00265-SPM, 2023 WL 4198233, at *2 (E.D. Mo. June 27, 2023) (*quoting R.P. v. Smith*, No. 4:22-CV-00874-SEP, 2022 WL 4130802, at *2 (E.D. Mo. Sept. 12, 2022)). And it is all the more "understandable that a minor victim of sexual assault does not want to be publicly identified." *Doe 6 v. St. Louis Charter Sch.*, No. 4:19-CV-2780 NAB, 2019 WL 5863981, at *2 (E.D. Mo. Nov. 8, 2019). These same facts pertaining to the sexual assaults against Plaintiff, as well as facts regarding Plaintiff's mental health and use of drugs, also fit squarely within the two additional factors regarding social stigma and criminal activity.

Finally, Plaintiff, a young adult female barely two years removed from the conduct alleged in the complaint, is vulnerable and at risk of severe harm, including physical threats, should she be forced to litigate without a pseudonym. As detailed in the Complaint, Rangel, Plaintiff's attacker, used threats of violence to coerce her into performing sex acts. And just last September, Rangel was charged in connection with allegedly "making threats and actively planning to kill the son of Stutsman County State's Attorney Fritz Fremgen" from prison, where he allegedly claimed

to have "connections with the Mexican Cartel." *See* Gretcehn Hjelmstad, *Stutsman County inmate charged for threatening to kill State's Attorney's son*, VALLEY NEWS LIVE, Sept. 14, 2023, https://www.valleynewslive.com/2023/09/14/stutsman-county-inmate-charged-threatening-kill-states-attorneys-son/. Further, exposing Plaintiff's identity would place her at risk of intense humiliation and re-victimization due to the highly sensitive and personal nature of the involved matters and would contravene the law's recognition that minor victims deserve extra protection because of their vulnerability. In stark contrast, allowing Plaintiff to proceed pseudonymously poses no conceivable prejudice to Defendants' corporations.

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests that this Court grant her leave to proceed under a pseudonym, C.S., in all filings and correspondingly order that disclosure of her identity to be limited to the Court and Counsel, as needed.

Dated: February 22, 2024

WOLD JOHNSON, P.C.

/s/Benjamin E. Thomas
Benjamin E. Thomas (ND # 04713)

/s/Mark A. Beauchene
Mark A. Beauchene (ND # 03546)

500 Second Avenue North
Suite 400
P.O. Box 1680
Fargo, North Dakota 58107
Telephone: (701) 235-5515
bthomas@woldlaw.com
mbeauchene@woldlaw.com

*/s/Brittany Deane Salyers*
Brittany Deane Salyers (MN #0396239)*
Pamela A. Johnson (MN #0269667)*
Kyle P. Hahn (MN #0399588)*
Paul M. Schinner (WI #1093983)*
HALUNEN LAW
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099
p.johnson@halunenlaw.com
salyers@halunenlaw.com
hahn@halunenlaw.com
schinner@halunenlaw.com
*Pro Hac Vice Motion Forthcoming*

*ATTORNEYS FOR PLAINTIFF*