# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| C.S., an individual,<br><br>       Plaintiff,<br><br>vs.<br><br>Subway Worldwide, Inc., Doctor's Associates, LLC, Subway IP LLC, Franchise World Headquarters, LLC, GRB Investments, LLC, GRB Subway Properties, LLP, and Midwest Subway Development, LLP<br><br>       Defendants. | Case No. 3:24-CV-31 |

## AMENDED STIPULATED PROTECTIVE ORDER

In order to protect information entitled to be kept confidential and to ensure that protection is afforded only to information entitled to protection, the Court hereby enters this Amended Stipulated Protective Order (the "Stipulated Protective Order") pursuant to Fed. R. Civ. P. 26(c).

**1.**     **Purpose and Limitations**

This Stipulated Protective Order shall govern the production and disclosure of information in the above-captioned action (the "Action") between C.S. and Subway Worldwide, Inc., Doctor's Associates, LLC, Subway IP LLC, Franchise World Headquarters, LLC, GRB Investments, LLC, GRB Subway Properties, LLP, and Midwest Subway Development, LLP (collectively, the "Parties" or individually, a "Party").

Disclosure and discovery activity in the Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting the Action may be warranted.

Accordingly, the Parties have jointly moved the Court to enter this Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Paragraph 12.4 below, the Parties will follow the Court's rules and procedures for filing materials under seal.

**2.    Definitions**

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that that a Party believes in good faith contains the following information: (1) personal information protected from disclosure under a contract or state or federal law; (2) research, development, and/or commercial, proprietary, financial, or business information that a reasonably prudent person in the field would not release or share with the public in the ordinary course of business; (3) trade secrets, including but not limited to information, including a formula, pattern, complication, program, device, method, technique, or process that: (a) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy; and (4) medical records or other information or documents that constitute "protected health information" within the meaning of that phrase as used in the HIPAA. Confidential Information does not include, and this Stipulated Protective Order does not apply to: (1) information that is publicly available, including information or material that

was, prior to disclosure, public information or knowledge; (2) information or material that is legitimately and independently acquired from a source not subject to this Stipulated Protective Order; and (3) information that is already in the knowledge or possession of the party to whom disclosure is made, unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

    2.3    <u>"CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY" Information or Items</u>: information (regardless of how it is generated, stored, or maintained) or tangible things that constitutes sensitive personal confidential information or sensitive business or trade secrets or commercial information that is not publicly known that the designating Party believes in good faith is entitled to a higher level of protection because its disclosure of would be highly damaging to the Producing or Designating Party.

    2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY."

    2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or way it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Action.

    2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Action who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Action, (2) is not a current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

2.7 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party in the Action.

2.8 <u>Outside Counsel of Record</u>: attorneys (as well as their support staff) who are not employees of a Party to the Action but are retained to represent or advise a Party to the Action and have appeared in the Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.9 <u>Party</u>: any Party to the Action (*see* Paragraph 1 above), including officers, directors, employees with a business need to know, consultants, and retained experts.

2.10 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in the Action.

2.11 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY."

2.13 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. Scope**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Outside Counsel of Record that might

reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4. **Duration**

Even after final disposition of the Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. **Designating Protected Material**

5.1   Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "CONFIDENTIAL

5

INFORMATION – ATTORNEYS EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all material made available for inspection shall be deemed "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Protected Material.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record all protected testimony and specify the level of protection being asserted. By right, the Designating Party shall have forty-five (45) days from the deposition, hearing, or other proceeding to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the forty-five (45) days shall be covered by the provisions of this Stipulated Protective Order.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can

ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a forty-five (45) day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY."

5.2     <u>Inadvertent Failures to Designate</u>. If corrected within a reasonable time, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the

materials treated in accordance with the provisions of this Order.

5.3     **Mass Designations Prohibited**.  Each Party or Non-Party that designates information or items for protection under this Stipuated Protective Order must use reasonable care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party may designate only information, documents, communications, or other materials that it reasonably and in good faith believes to fall within the definitions set forth herein, and must designate for protection only those parts of said information, documents, communications or other materials as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY" so that other portions of the information, documents, communications or other materials for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.4     **Filing Protective Materials**. If a party seeks to file documents designated as "Confidential," the party must first file a motion for leave to file under seal, accompanied by a memorandum in support, setting forth the legal basis for sealing the documents, in accordance with the Administrative Policy Governing Electronic Filing and Service. If only portions of the documents designated as "Confidential" contain sensitive information, and a party seeks to file the documents with the court, that party must (1) file a motion for leave to file under seal and a memorandum in support of the motion, which provides an explanation of the legal basis for redacting information from the document, and (2) attach to the motion for leave to file under seal an unredacted copy of the document and a proposed redacted copy of the document. The proposed

8

redactions shall be highlighted or otherwise identified in a manner that enables the Court and the other party to easily review the proposed redactions.

### 6. Challenging Confidentiality Designations

6.1     Timing of Challenges. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within fourteen (14) days of the date of service of notice. In conferring, the Designating Party must explain the basis for the designation and the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. A Party who cannot obtain agreement to change a designation may, within a reasonable time, move the Court for an order changing the designation. If the motion

affects a document produced by a Non-Party then, with respect to the motion, that Non-Party is entitled to the same notice and opportunity to be heard as a Party. The Party or Non-Party who designated a document as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" has the burden of establishing the designation satisfies the terms of this Stipulated Protective Order and Rule 26 of the Federal Rules of Civil Procedure. In addition, the Challenging Party may raise a dispute with the Court using the Court's dispute resolution process at any time, including a challenge to the designation of a deposition transcript or any portions thereof.

Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.   Access to and Use of Protected Material**

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with the Action only for prosecuting, defending, or attempting to settle the Action. Neither a Receiving Party nor Outside Counsel of Record of a Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in the Action in connection with any other litigation, arbitration, or other proceeding, except a Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in the Action in any separate litigation, arbitration, or other proceeding involving one or more Parties to this Action, or any of the Parties' officers, directors, members, or employees. Medical records or other information/documents that constitute protected health information may only be used in such a separate litigation, arbitration, or other proceeding if they are marked and treated as "CONFIDENTIAL INFORMATION" and are subject to the

provisions of a Protective Order that provides protections that are the same as or stronger than those provided herein. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Paragraph 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Parties;

(b) in-house counsel for any Party.

(c) the Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record, to whom it is reasonably necessary to disclose the information for the Action;

(b) the officers and directors of the Receiving Party to whom disclosure is reasonably necessary for the Action;

(c) the employees of the Receiving Party or any Party to whom disclosure is reasonably necessary for the Action;

(d) Experts (as defined in this Order) of the Receiving Party, as well as individuals acting at said Experts' direction, to whom it is reasonably necessary to disclose the information for the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the Court and its personnel;

11

(f) any mediators used by the parties;

(g) court reporters, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) during their depositions, witnesses who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(j) any other person to whom disclosure is expressly authorized in writing by the Party or Non-Party who designated the information; and

(k) such other persons by further order of the Court.

7.3     **Disclosure of "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY" Information or Items**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record, to whom it is reasonably necessary to disclose the information for the Action;

(b) Legal counsel and staff of the Receiving Party or any Party to whom disclosure is reasonably necessary for the Action;

(c) Experts (as defined in this Order) of the Receiving Party, as well as individuals acting at said Experts' direction, to whom it is reasonably necessary to disclose the information for the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) any mediators used by the parties;

(f) court reporters, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(i) any other person or entity as to whom counsel for the Designating Party or Non-Party agrees in writing

**8.      Protected Material Subpoenaed or Ordered Produced in Other Litigation**

If a Party is served with a subpoena or a court order issued in another litigation that compels disclosure of any information or items designated in the Action as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY" prior to disclosure of the designated information or items that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; and

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in the Action as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Action to disobey a lawful directive from another court.

**9.    A Non-Party's Protected Material Sought to be Produced in the Action**

(a)    The terms of this Order are applicable to information produced by a Non-Party in the Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY." Such information produced by Non-Parties in connection with the Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement

with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

    1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    2. promptly provide the Non-Party with a copy of this Stipulated Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    3. make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from the Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in the Court of its Protected Material.

10. **Unauthorized Disclosure of Protected Material**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

      **11.**    **Inadvertent Production of Privileged or Otherwise Protected Material**

Pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in the Action or in any other federal or state proceeding.

      **12.**    **Miscellaneous**

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court or by agreement of the Parties in the future.

      12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

      12.4    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in the Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the Court's rules and procedures for doing so. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the 16

specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal is denied by the Court, then the Producing Party shall have an opportunity to seek protection of the Protected Material. If the Court denies both requests, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the Court.

13.    **Final Disposition**

No later than thirty (30) days after a request made by the Producing Party following the final disposition of the Action, as defined in Paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, upon request by the Producing Party, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within thirty (30) days of the request that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Paragraph 4 (DURATION).

**AGREED**:

| | |
|---|---|
| **MSB EMPLOYMENT JUSTICE LLP** | **VENABLE LLP** |
| *s/ Amy E. Boyle* | *s/ Nina Greene* |
| Christopher J. Moreland | Nina Greene |
| Amy E. Boyle | W. Barry Blum |
| 6400 Flying Cloud Drive, Suite 215 | Michael D. Joblove |
| | Elizabeth G. McIntosh |
| Minneapolis, MN 55344 | 801 Brickell Avenue |
| | Suite 1500 |
| Telephone: (612) 677-2680 | Miami, FL 33131 |
| cmoreland@msbjustice.com | Telephone: (305) 349-2300 |
| aboyle@msbjustice.com | ngreene@venable.com |
| | bblum@venable.com |
| | mdjoblove@venable.com |
| | egmcintosh@venable.com |
| Brittany Deane Salyers | |
| P.O. Box 470 | ***ATTORNEYS FOR*** |
| Huddleston, VA 24104 | ***SUBWAY DEFENDANTS*** |
| Telephone: (424) 777-5122 | |
| bdsalyers@protonmail.com | |
| | **OGLETREE, DEAKINS, NASH,** |
| | **SMOAK & STEWART, P.C.** |
| **WOLD JOHNSON, P.C.** | *s/ Brent D. Kettelkamp* |
| Mark A. Beauchene (ND # 03546) | Brent D. Kettelkamp (ND # 09600) |
| 500 Second Avenue North | Capella Tower |
| Suite 400 | 225 South Sixth Street, Suite 1800 |
| P.O. Box 1680 | Minneapolis, MN 55402 |
| Fargo, ND 58107 | Telephone: (612)339-0061 |
| Telephone: (701) 235-5515 | brent.kettelkamp@ogletree.com |
| mbeauchene@woldlaw.com | |
| | ***ATTORNEYS FOR FRANCHISEE*** |
| ***ATTORNEYS FOR PLAINTIFF*** | ***DEFENDANTS*** |

**DONE AND ORDERED** in  Fargo , North Dakota, this 23 day of September, 2025.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge

## **EXHIBIT A**

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

  I, the undersigned, hereby acknowledge and declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order, understand the terms thereof, agree to be bound by such terms, and agree to be subject to the jurisdiction of the Court in all matters relating said Stipulated Protective Order. I acknowledge and agree that I will comply with and be bound by all the terms of this Stipulated Protective Order, and that I will treat all information designated as "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION – ATTORNEYS EYES ONLY" strictly in accordance with the terms and conditions of this Stipulated Protective Order, and that I understand and acknowledge that failure to comply with the Stipulated Protective Order could expose me to sanctions and constitute contempt of court.

Date: _____

City and State Where Sworn and Signed: _____

              Printed name: _____

              Signature: _____